UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

DOCK WALKER,

      Petitioner,

v.                                                   3:09-cv-237

HENRY STEWART, Warden,

      Respondent.

**MEMORANDUM**

This is a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which petitioner challenges his 1983 conviction for assault with intent to commit first degree murder. Because it appeared that the petition is barred by the one-year statute of limitation, petitioner was ordered to show cause why his petition should not be dismissed as untimely. Petitioner has failed to respond to the show cause order with the time prescribed. For the following reasons, the petition will be dismissed as time-barred.

Petitioner's conviction was affirmed on direct appeal. *State v. Walker*, No. 950 (Tenn. Crim. App. June 1, 1984). His first state post-conviction petition, filed in 1993, was dismissed as time-barred and the Tennessee Court of Criminal Appeals affirmed. *Walker v. State*, No. 03C01-9403-CR-00115 (Tenn. Crim. App. Dec. 8, 1994). Petitioner's second state

post-conviction, filed in 2002, was likewise dismissed as time-barred and again the Tennessee Court of Criminal Appeals affirmed. *Walker v. State*, No. E2002-02162-CCA-R3-PC (Tenn. Crim. App. April 28, 2003), *perm app. denied, id.* (Tenn. Aug. 25, 2003).

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the only time constraint for a state prisoner to file a § 2254 habeas corpus petition was if the respondent had been prejudiced in responding to the petition because of the delay in filing. As a result of the AEDPA, however, state prisoners now have one year in which to file a §2254 petition.

Section 101 of the AEDPA amended 28 U.S.C. § 2244 to provide that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitation period generally runs from the date the petitioner's appeals were final. *Id.* § 2244(d)(2). Because Walker's sentence was imposed prior to the AEDPA, the time for filing a § 2254 motion in his case expired April 24, 1997, which was one year from the effective date of the AEDPA. *Carey v. Saffold*, 536 U.S. 214, 217 (2002).

Petitioner's habeas corpus petition was filed on May 26, 2009, and is barred by the one-year statute of limitation. Accordingly, the petition for habeas corpus relief will be **DENIED**, and this action will be **DISMISSED**. Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure. The court will **CERTIFY** that any appeal from this action would not be taken in good faith and

would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure. The court will further **DENY** petitioner leave to proceed *in forma pauperis* on appeal.

**AN APPROPRIATE ORDER WILL ENTER**.

                                         s/ Thomas W. Phillips
                                        United States District Judge

3